JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK T. RUMOLD
California Bar No. 279060
Assistant Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jesus Molina Jr.,<br>Defendant | No. CR-23-01173- JJT-1<br>**SENTENCING MEMORANDUM and MOTION FOR DOWNWARD VARIANCE** |

Jesus Molina, Jr., through counsel, respectfully submits the following sentencing memorandum and motion for downward variance.

Mr. Molina is before the Court after pleading guilty to one count of False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

For the reasons explained below, Mr. Molina respectfully requests he receive a sentence of 36 months of probation—the same sentence recommended by the Probation Office.

## I. Background

Mr. Molina is 29 years old, and he is a loved son, husband, and—soon—a new father. This is his first felony conviction.

Mr. Molina lives with his wife of almost five years, Stephanie, in a home in Peoria. They will welcome their first child together in the fall. Mr. Molina also maintains a close and supportive relationship with his parents and sister.

In addition to a beloved family member, Mr. Molina is also a valued employee. Mr. Molina is employed full-time at Profile Extrusion Company in Phoenix. He earns $27.80 per hour, and he has worked there since 2017—being promoted to a packing and shipping supervisor during that time. When Mr. Molina's baby arrives in the fall, his wife will likely take leave from work, leaving Mr. Molina as the primary source of financial support for his young family.

In addition to his work with Profile Extrusion, Mr. Molina has continued his education and is actively working toward his associate's degree. He hopes to one day earn his bachelor's degree, as well.

* * *

In 2019, Mr. Molina was struggling to pay his bills. In an ill-advised attempt to make extra money, Mr. Molina began buying guns and advertising them for sale online. Ultimately, he purchased a gun knowing he would re-sell it to another buyer.

In 2019, when confronted by ATF agents about the purchases, Mr. Molina acknowledged what he had done. He cooperated with the agents, and he answered all their questions. He stopped buying weapons immediately, and he has not purchased one since—now, over five years ago.

ATF agents returned to speak with Mr. Molina again in 2021. Again, he was cooperative and answered all questions.

Mr. Molina regrets his actions. He knows what he did was wrong. He will not repeat the mistake.

* * *

Mr. Molina appeared on a summons after his indictment in August 2023. In February 2024, Mr. Molina pleaded guilty to one count of making a material false statement during the purchase of a firearm.

Mr. Molina has been on pretrial release, on his own recognizance and without supervision, for nearly eight months. During that time, he has maintained stable employment and housing; he has not had any contact with law enforcement; he does not have any issues with drugs or alcohol abuse; and he does not have any physical or mental health conditions.

## II. Sentencing Recommendation

Mr. Molina respectfully requests the Court impose a sentence of 36 months of probation.

The Court shall impose a sentence this is "sufficient, but not greater than necessary," to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The statute sets forth several factors the Court must consider, including the Sentencing Guidelines.

Mr. Molina agrees with both the Guideline Calculation and the sentencing recommendation in the PSR. *See* PSR ¶ 27 & pp 15. The applicable Sentencing Guideline range suggests a sentence of 12-18 months in custody. But the Guideline range is not presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007). Instead, considering the guidelines and all other § 3553(a) factors, the district court must make an "individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

Here, that individualized determination supports a downward variance—and a sentence of probation, like the one recommended by the Probation Office. *See* PSR pp 15. The requested sentence is appropriate for the following reasons:

*First*, Mr. Molina's personal history and characteristics support a sentence of probation. *See* 18 U.S.C. § 3553(a)(1). At the age of 29, this case represents Mr.

Molina first non-traffic related contact with law enforcement. *See* PSR ¶ 29. In his time on pretrial release, Mr. Molina has maintained steady, good-paying employment and stable housing. In the fall, he will be the primary source of financial support for his wife and their young child. Mr. Molina has shown he can be a law-abiding and productive member of society, and he is unlikely to offend again: as the PSR notes, "the offense occurred nearly six years ago, and [Mr. Molina] has no contacts with the criminal justice system since that time." PSR at 15.

*Second*, a sentence of probation appropriately balances the seriousness of the offense, the need for deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(2). Making false statements in the purchase of a firearm is a felony that requires a just punishment. And "probation is not leniency." *United States v. Bragg*, 582 F.3d 965, 968 (9th Cir. 2009). It is a "substantial restriction of freedom" that "can have a significant impact on both th[e] person and society." *United States v. Gall*, 552 U.S. 38, 44 (2007). The prospect of a custodial sentence upon revocation provides adequate deterrence against future criminal conduct.

*Third*, the Court should also consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). According to U.S. Sentencing Commission data, since Fiscal Year 2021 in the District of Arizona, there have been 176 prosecutions for which § 2K2.1—the applicable Guideline here—was the primary Guideline and the defendant was in Criminal History Category I—like Mr. Molina. In approximately 50% of those cases, a sentence of probation (or another alternative to custody) was imposed. *See* U.S. Sentencing Commission, *Interactive Data Analyzer*.[1] Mr. Molina's personal history and characteristics, as well as the

[1] *Available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard#USSCAskIDACustomPopupCl

facts of this case, confirm he should be sentenced similarly to the roughly 50% of defendants who receive a non-custodial sentence.

*Finally*, the collateral consequences of a custodial sentence vastly outweigh any legitimate sentencing objectives. Mr. Molina will soon be the father of a young child, and he will be the primary source of financial support for his young family. Separating Mr. Molina from his family at this crucial time could tip a family—already in a precarious financial position—into further instability.

Mr. Molina has pleaded guilty and accepts responsibility for his actions. After this case, he will be a convicted felon and carry all the collateral burdens that come with it. That—along with a sentence of probation—is punishment enough in this case.

Accordingly, Mr. Molina respectfully requests the Court impose a sentence of probation.

Respectfully submitted: April 18, 2024.

JON M. SANDS
Federal Public Defender

*s/Mark Rumold*
MARK T. RUMOLD
Assistant Federal Public Defender

---

ose (selecting for District of Arizona cases in FY 2021 - 2023 where §2K2.1 was primary guideline and defendant was a criminal history category I).