GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jesus Molina, Jr.,<br>Defendant. | No. CR-23-01173-001-PHX-JJT (MTM)<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Defendant JESUS MOLINA, JR. ("Defendant") pleaded guilty to Count 6, Material False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of three years' probation.

The United States has no objections or corrections to the Presentence Report ("PSR"), ECF 42. The United States agrees with the PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category I. PSR at ¶¶ 27 and 31, resulting in a Guidelines range of 12-18 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant on August 8, 2023. On February 13, 2024, Defendant pleaded guilty to Count 6 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 18 United States Code

(U.S.C.) §§ 922(a)(6) and 924(a)(2). Defendant agreed with the following facts in his plea agreement at the change of plea proceeding:

> On June 15, 2019, Defendant JESUS MOLINA, JR. purchased a firearm at Ammo AZ in Phoenix, Arizona, a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code. To obtain the firearms, Defendant JESUS MOLINA, JR. completed the Firearms Transaction Record, known as ATF Form 4473 at Ammo AZ, on June 15, 2019. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.
>
> Question 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person." In response to Question 21(a), Defendant JESUS MOLINA, JR. selected "Yes" he was the actual purchaser/buyer. However, Defendant JESUS MOLINA, JR. knew he was purchasing the firearms on behalf of someone else. Defendant JESUS MOLINA, JR. learned through discovery that the firearm was recovered in Mexico within six days from the date it was purchased.

In addition to the facts in the plea agreement, it is important to consider these facts as well: Defendant purchased 14 firearms in eight months. Of those firearms, six were recovered. Five of the recoveries were in Mexico, and four of the five recoveries in Mexico were within seven days of purchase. Defendant admitting selling the firearms for profit. Furthermore, Defendant enticed his twin brother and co-defendant, Jose Molina, Jr., to purchase firearms. Two of the three firearms co-defendant Jose purchased were recovered in Mexico. Additionally, Defendant enticed his wife to purchase at least two firearms for him. PSR at ¶¶ 5-10.

The United States acknowledges that Defendant's crimes were committed over four years ago. The government does not know of any other unlawful conduct committed by the Defendant from the time he was approached by law enforcement to the present.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of probation. The United States will dismiss Counts 1-5 and 7-13 of the Indictment at the time of sentencing.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that probation for this Defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant's offense are concerning. Purchasing firearms with the intent of them going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals. Here, several firearms went to Mexico within days of purchase. The nature and circumstances of Defendant's actions could easily

justify a custodial sentence. However, there are other factors to consider, which are the basis for the recommendation herein.

**2. Defendant's History and Characteristics**

Defendant's history and characteristics weigh in favor of a probation sentence. Defendant has no prior felony convictions. Thus, Defendant's criminal history is a category I. Once law enforcement approached the Defendant, his criminal activity ceased. Several years have passed since that time, and Defendant has remained law abiding. Defendant is seeking a college education and has been gainfully employed for several years. He is in a stable relationship and has no mental health or substance abuse issues. For these reasons, probation is an appropriate sentence.

**3. Seriousness of the Offense**

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, probation is appropriate for this individual, at this time.

**4. The Need for Adequate Deterrence**

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, even before being indicted, Defendant has been deterred from engaging in further criminal activity. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Here, other people should be deterred from committing a similar crime based on Defendant's conviction and his law-abiding conduct since law-enforcement contact.

**5. Protecting the Public**

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). A felony conviction should be enough to protect the public from Defendant. After the Defendant was contacted by law enforcement, he ceased his criminal activity, demonstrating that he is no longer a threat to the public.

**6. Providing Needed Correctional Treatment**

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Defendant has no history of mental health or substance abuse. (P.S.R. ¶¶ 41-42.) Any assistance with educational or vocational skills can be offered to Defendant as part of probation.

## III. CONCLUSION

The United States recommends that Defendant receive a sentence of probation. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 23rd day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Rumold
Counsel for Defendant Molina

*s/ J. Schesnol*
U.S. Attorney's Office