GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Jose Molina, Jr.,<br>Defendant. | No. CR-23-01173-002-PHX-JJT (MTM)<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Defendant JOSE MOLINA, JR. ("Defendant") pleaded guilty to Count 14, Material False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of two years' probation.

The United States has no objections or corrections to the Presentence Report ("PSR"), ECF 40. The United States agrees with the PSR calculations resulting in a Total Offense Level of 10 and Criminal History Category I. PSR at ¶¶ 27 and 31, resulting in a Guidelines range of 6-12 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant on August 8, 2023. On February 22, 2024, Defendant pleaded guilty to Count 13 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 18 United States Code

(U.S.C.) §§ 922(a)(6) and 924(a)(2). Defendant agreed with the following facts in his plea agreement at the change of plea proceeding:

On June 15, 2019, Defendant JOSE MOLINA, JR. purchased a firearm at Robson Armory in Phoenix, Arizona, a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code. To obtain the firearms, Defendant JOSE MOLINA, JR. completed the Firearms Transaction Record, known as ATF Form 4473 at Robson Armory, on June 15, 2019. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 11(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person." In response to Question 11(a), Defendant JOSE MOLINA, JR. selected "Yes" he was the actual purchaser/buyer. However, Defendant JOSE MOLINA, JR. knew he was purchasing the firearms on behalf of someone else. Defendant JOSE MOLINA, JR. learned through discovery that the firearm was recovered in Mexico within six days from the date it was purchased.

In addition to the facts in the plea agreement, Defendant purchased two additional firearms in August 2019. One of the two firearms purchased in August 2019 was recovered in Mexico 625 days after the date it was purchased. The facts surrounding the circumstances of that firearm are unknown at this time. The firearm that is the subject of the count to which Defendant pled guilty was recovered inside a house in Mexico six days after Defendant purchased it. In the house, local Mexican law enforcement officers detained multiple people, located marijuana and ammunition, and recovered several firearms, including the firearm Defendant Jose Molina purchased six days earlier.

The United States acknowledges that Defendant's crimes were committed over four years ago. The government does not know of any other unlawful conduct committed by the Defendant from the time he was approached by law enforcement to the present.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of probation. The United States will dismiss Counts 15-16 of the Indictment at the time of sentencing.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that probation for this Defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

In the present case, Defendant Jose Molina's co-defendant was sentenced to three-years' probation. Since the co-defendant enlisted Defendant to acquire firearms, the co-defendant is more culpable than Defendant. Therefore, the government recommends a shorter probation term for Defendant.

#### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant's offense are concerning. Purchasing firearms with the intent of them going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals. Here, one of the firearms went to Mexico

within days of purchase. The nature and circumstances of Defendant's actions could easily justify a custodial sentence. However, there are other factors to consider, which are the basis for the recommendation herein.

**2. Defendant's History and Characteristics**

Defendant's history and characteristics weigh in favor of a probation sentence. Defendant has no prior felony convictions. Thus, Defendant's criminal history is a category I. Once law enforcement approached the Defendant, his criminal activity ceased. Several years have passed since that time, and Defendant has remained law abiding. Defendant is married with three children and gainfully employed for several years. He has no mental health issues. For these reasons, probation is an appropriate sentence.

**3. Seriousness of the Offense**

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, probation is appropriate for this individual.

**4. The Need for Adequate Deterrence**

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, even before being indicted, Defendant has been deterred from engaging in further criminal activity. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Here, other people should be deterred from committing a similar crime based on Defendant's conviction and his law-abiding conduct since law-enforcement contact.

**5. Protecting the Public**

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). A felony conviction should be enough to protect the public from Defendant. After the Defendant was contacted by law enforcement, he ceased his criminal activity, demonstrating that he is no longer a threat to the public.

**6. Providing Needed Correctional Treatment**

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Defendant has no history of mental health. (P.S.R. ¶ 43.) Any assistance with substance abuse, educational or vocational skills can be offered to Defendant as part of probation.

## III. CONCLUSION

The United States recommends that Defendant receive a sentence of two-years' probation. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 30th day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 30, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John W. Rood, III
Counsel for Defendant Molina

*s/ J. Schesnol*
U.S. Attorney's Office